ROBERTS *VS* KILPATRICK.

1. *It seems*, that the law, requiring a suit against the maker of a promissory note, to the first Court after due, and return of *nulla bona*, to an execution thereon, in order to charge the indorser, does not contemplate cases, where, from absence of the maker from the State, his absconding, or other cause, it is impossible or impracticable to bring suit against him.

2. But in an action in the Circuit or County Courts, by an indorsee of a promissory note, against the indorser, mere absence of the maker of the note from the *County*, will not excuse a suit, and return of *nulla bona* to an execution thereon, against the latter—*if he has a known residence in any part of the State*.

3. So, an averment in a declaration, by the indorsee of a promissory note, against the indorser, "that the maker of the note left the county, and went beyond the jurisdiction of the County," &c. held insufficient.

George W. Roberts declared in assumpsit against Flood M. Kilpatrick, in the Circuit Court of Pickens. The cause of action was upon the indorsement by the defendant of a promissory note, executed to him by William Hester.

The declaration was, for that, whereas, William Hester theretofore, to wit, on the fourteenth day of November, 1829, at the County aforesaid, made his certain promissory note, in writing, bearing date the day and year aforesaid, and then and there delivered the said note to the said Flood M. Kilpatrick, by which note the said William Hester then and there promised, on or before the 15th day of October, next ensuing, to pay the said Flood M. Kilpatrick, or or

der, the sum of seventy-three dollars and fifty cents, for value received. And the said Flood M. Kilpatrick, to whom, or to whose order, the payment of said sum of money, in the said note specified, was to be made, after the making of said note, and before the payment of the said sum of money therein specified, to wit, on the —— day and year aforesaid, at ——, aforesaid, endorsed the said note, by which said endorsement, he, the said Flood M. Kilpatrick, then and there ordered and appointed the said sum of money, in the said note specified, to be paid to one John B. White; and the said John B. White then and there delivered and endorsed the said note, to one Thomas Tremmier, who, on the twenty-second day of March, 1830, endorsed the same to the plaintiff, for value received, &c. And the said plaintiff averred, that to retain the liability of the said defendant to him, the said plaintiff, as the indorser of said note, it became necessary to commence suit against William Hester, the maker thereof, to the first term of any one of the Courts of the County aforesaid, to which a writ could properly be returnable, after the indorsement: and the plaintiff, in fact, said, that he did not commence such action against the said maker, at the first term, because, he averred, that the said maker of the said note, for a long space of time, to wit, for the space of ten days, before the commencement of the term of the County Court of the County aforesaid, begun and held on the first Monday in June, A. D. 1830, left the County aforesaid, and went beyond the jurisdiction of the County Court of the County aforesaid: and he, the said maker of

5 s. & p.          13

said promissory note, ever since the time of his departure aforesaid, had been, and still did continue to be and remain out of, and beyond the jurisdiction of the Court of the State aforesaid. By means, &c.

A demurrer to this declaration being sustained by the Court, and judgment given for the defendant, thereupon the plaintiff took a writ of error; and his assignments were—

1st. That the Court sustained the demurrer of the defendant, to the amended declaration of the plaintiff, whereas it should have been overruled.

2dly. That the Court below gave judgment for the defendant.

*Anderson*, for the plaintiff in error.
*Rose, contra.*

SAFFOLD, J.—The action was assumpsit, by Roberts, as indorsee of a promissory note, against Kilpatrick, as indorser. On demurrer to the plaintiff's declaration, judgment was rendered in favor of the defendant. This is the cause assigned for error.

The question presented by the demurrer was, whether it was sufficient in charging the liability of the indorser, for the indorsee to allege, as an excuse for not having sued the maker to the first Court, to which suit could have been brought, or at any other time; or, of having made demand of payment, and given notice to the indorser, that the maker was absent from the County in which the note was made, all the time during which the suit should, otherwise, have been brought.

The averments of the amended declaration, are,

that the note being due in October, 1830, previous
to the June term of the County Court of said Coun-
ty, in the same year, the maker "left the County
aforesaid, and went beyond the jurisdiction of the
County Court of the County aforesaid," held at the
June term, aforesaid; and that he, the drawer, had,
ever since the time of his departure as aforesaid,
been, and still continued "beyond the jurisdiction of
the Court of the State aforesaid."

It will be observed, that *the Court of the State
aforesaid*, can refer alone to the County Court, men-
tioned, and that, being beyond the jurisdiction of
that Court, implies only that he was out of that
County.

The statutes of 1828 and 1829, concerning the lia-
bility of indorsers, require that the maker shall, for
all sums, exceeding fifty dollars, be sued to the
first Court, to which suit could properly be brought,
and shall be prosecuted to *nulla bona*, before the in-
dorser shall be liable. So much as is expressed, re-
specting the absence of the maker from his place of
residence, is contained in the latter statute, and re-
fers exclusively to sums not exceeding fifty dollars—
cognizable before justices of the peace.

As respects the provisions for larger demands,
cognizable in the Courts of record, it is true, the le-
gislature must not be presumed to have intended im-
possibilities—to have required, as an indispensable
pre-requisite to the indorser's liability, that the ma-
ker should be prosecuted to *nulla bona*, when, from
his absence from the State, his absconding, or other
cause, it was impossible, or impracticable to do so.—
Yet, it is but a rational and liberal interpretation of

the statute, that if the maker has a known residence in any part of the State, he should be sued there; and that to excuse the institution of the suit, a cause must exist similar to those which, at common law, will excuse the necessity of demand and notice. No such cause is charged to have existed here. The maker may have been in a different County, where he could conveniently have been sued, whether permanently located, or not.

Hence there does not appear in this case, the diligence which has been prescribed by statute, in lieu of the common law requisition of early demand of payment from the maker, and notice to the indorser, as was suggested to be necessary in the case of *Cavanaugh et al.* vs *Tatum.*[a]

[a] 4 Stew & Porter, 204

The unanimous opinion of the Court is, that the judgment must be affirmed.